## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| **ROBERT G. OLVER, individually and on behalf of all others similarly situated,** | ) ) ) ) | |
| **Plaintiff,** | ) ) | |
| **v.** | ) ) | **Case No. 1:15-cv-00549-TWT** |
| **KAPLAN, INC., KAPLAN HIGHER EDUCATION, LLC, and IOWA COLLEGE ACQUISITION, LLC d/b/a KAPLAN UNIVERSITY,** | ) ) ) ) ) | |
| **Defendants.** | ) | |

## IOWA COLLEGE ACQUISITION, LLC'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S ORIGINAL CLASS ACTION COMPLAINT

Defendant Iowa College Acquisition, LLC ("ICA") respectfully submits this Answer to Plaintiff Robert G. Olver's ("Plaintiff") Original Class Action Complaint ("Complaint"), stating as follows:

## INTRODUCTION

1.     ICA admits that Kaplan, Inc. ("Kaplan") provides educational services to individuals of varied ages, and that is has locations in a number of countries. ICA also admits that Kaplan, Inc. is the largest division of its parent company, Graham Holdings Company. To the extent the allegations contained in Paragraph 1

of the Complaint are intended to stand for additional propositions, ICA denies the same and demands strict proof thereof.

2.      ICA admits that Kaplan Higher Education, LLC ("KHE") and ICA provide a wide a range of educational products and services to students with a variety of backgrounds. ICA also admits that it is a wholly-owned subsidiary of KHE, which is in turn a wholly-owned subsidiary of Kaplan. ICA also admits that Kaplan is a wholly-owned subsidiary of Graham Holdings Company. To the extent the allegations contained in Paragraph 2 of the Complaint are intended to stand for additional propositions, ICA denies the same and demands strict proof thereof.

3.      ICA denies the allegations contained in Paragraph 3 of the Complaint and demands strict proof thereof.

4.      ICA denies the allegations contained in Paragraph 4 of the Complaint and demands strict proof thereof.

5.       ICA states that the Telephone Consumer Protection Act ("TCPA") speaks for itself, and denies any allegations which are inconsistent with the language of the statute. ICA admits that Plaintiff purports to assert claims pursuant to the TCPA seeking injunctive relief and damages as alleged in Paragraph 5 of the Complaint, but denies that Plaintiff's claims have any merit whatsoever. ICA

denies that it committed a violation of the TCPA or any other wrongdoing, and demands strict proof thereof.

6.     ICA admits that Plaintiff purports to assert claims pursuant to the TCPA as alleged in Paragraph 6 of the Complaint, but denies that Plaintiff's claims have any merit whatsoever. ICA denies that it committed a violation of the TCPA or any other wrongdoing, and demands strict proof thereof.

7.     ICA denies the allegations contained in Paragraph 7 of the Complaint and demands strict proof thereof.

## PARTIES

8.     ICA is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 8 of the Complaint. As such, the allegations are denied, and ICA demands strict proof thereof.

9.     ICA admits that Kaplan is a Delaware corporation and is wholly owned by Graham Holdings Company. ICA denies that Kaplan maintains a principal place of business in Georgia, but admits that Kaplan has a principal place of business in Ft. Lauderdale, Florida. ICA also admits that Kaplan may be served through its registered agent. To the extent the allegations contained in Paragraph 9 are intended to stand for additional propositions, ICA denies the same and demands strict proof thereof.

10.   ICA admits that KHE is a Delaware limited liability company that is wholly owned by Kaplan. ICA denies that KHE maintains a principal place of business in Georgia, but admits that KHE has a principal place of business in Ft. Lauderdale, Florida. ICA also admits that KHE may be served through its registered agent. To the extent the allegations contained in Paragraph 10 are intended to stand for additional propositions, ICA denies the same and demands strict proof thereof.

11.   ICA admits that it is a Delaware limited liability company that is wholly owned by KHE. ICA denies that it maintains a principal place of business in Georgia, but admits that it has a principal place of business in Chicago, Illinois. ICA also admits that it may be served through its registered agent. To the extent the allegations contained in Paragraph 11 are intended to stand for additional propositions, ICA denies the same and demands strict proof thereof.

12.   ICA states that Paragraph 12 of the Complaint does not assert any allegations against Defendants, but merely contains a statement regarding Plaintiff's intent with respect to the meaning of his allegations in the Complaint, and, therefore, no response is required. ICA denies that it committed any wrongdoing and demands strict proof thereof.

## JURISDICTION & VENUE

13.   ICA believes that the allegations contained in Paragraph 13 of the Complaint call for a legal conclusion to which no response is required. To the extent a response is required, ICA admits that this Court has subject matter jurisdiction over Plaintiff's TCPA claims.

14.   ICA believes that the allegations contained in Paragraph 14 of the Complaint call for a legal conclusion to which no response is required. To the extent a response is required, ICA denies the allegations contained in Paragraph 14 and demands strict proof thereof.

15.   ICA believes that the allegations contained in Paragraph 15 of the Complaint call for a legal conclusion to which no response is required. To the extent a response is required, ICA denies that a class may be properly certified under Fed. R. Civ. P. 23 or any other Rule, and demand strict proof thereof. ICA further denies that it committed any wrongdoing or that Plaintiff and/or any putative class member is entitled to any damages, relief, and/or award from Defendants, and demands strict proof thereof.

16.   ICA believes that the allegations contained in Paragraph 16 of the Complaint call for a legal conclusion to which no response is required. To the

extent a response is required, ICA denies the allegations contained in Paragraph 16 and demands strict proof thereof.

17.    ICA believes that the allegations contained in Paragraph 17 of the Complaint call for a legal conclusion to which no response is required. To the extent a response is required, ICA denies the allegations contained in Paragraph 17 and demands strict proof thereof.

## LEGAL BASIS FOR THE CLAIMS

18.    ICA states that the TCPA speaks for itself and, therefore, no response is required. To the extent Paragraph 18 is intended to stand for inconsistent or additional allegations, ICA denies the same and demands strict proof thereof.

19.    ICA states that the TCPA speaks for itself and, therefore, no response is required. To the extent Paragraph 19 is intended to stand for inconsistent or additional allegations, ICA denies the same and demands strict proof thereof.

20.    ICA states that the TCPA, all amendments to the TCPA, and all FCC rules relating to the TCPA speak for themselves and, therefore, no response is required. To the extent Paragraph 20 is intended to stand for inconsistent or additional allegations, ICA denies the same and demands strict proof thereof.

21.    ICA states that the TCPA and all amendments, rules, and regulations related to the TCPA speak for themselves and, therefore, no response is required.

To the extent Paragraph 21 is intended to stand for inconsistent or additional allegations, ICA denies the same and demands strict proof thereof.

22.   ICA states that FCC decision referenced in Paragraph 22 of the Complaint speak for itself and, therefore, no response is required. To the extent Paragraph 22 is intended to stand for inconsistent or additional allegations, ICA denies the same and demands strict proof thereof.

23.   ICA believes that the allegations contained in Paragraph 23 of the Complaint call for a legal conclusion to which no response is required. To the extent a response is required, the allegations are denied, and ICA demands strict proof thereof.

## COMMON FACTUAL ALLEGATIONS

24.   ICA admits that Kaplan provides educational services to individuals of varied ages, and that is has locations in a number of countries. ICA also admits that Kaplan is the largest division of its parent company, Graham Holdings Company. To the extent the allegations contained in Paragraph 24 of the Complaint are intended to stand for additional propositions, ICA denies the same and demands strict proof thereof.

25.   ICA admits that KHE and ICA provide a wide a range of educational products and services to students with a variety of backgrounds. ICA also admits

that it is a wholly-owned subsidiary of KHE, which is in turn a wholly-owned subsidiary of Kaplan. ICA also admits that Kaplan is a wholly-owned subsidiary of Graham Holdings Company. To the extent the allegations contained in Paragraph 25 of the Complaint are intended to stand for additional propositions, ICA denies the same and demands strict proof thereof.

26.    ICA denies the allegations contained in Paragraph 26 of the Complaint and demands strict proof thereof.

27.    ICA denies the allegations contained in Paragraph 27 of the Complaint and demands strict proof thereof.

28.    ICA denies the allegations contained in Paragraph 28 of the Complaint and demands strict proof thereof.

29.    ICA denies the allegations contained in Paragraph 29 of the Complaint and demands strict proof thereof.

30.    ICA denies the allegations contained in Paragraph 30 of the Complaint and demands strict proof thereof.

## FACTS SPECIFIC TO PLAINTIFF ROBERT OLVER

31.    ICA is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 31 of the Complaint. As such, the allegations are denied, and ICA demands strict proof thereof.

32.     ICA admits that (954) 424-4700 is a number belonging to ICA. ICA also admits that it placed calls to Plaintiff beginning in or around January 2015, but denies that such calls were made in violation of the TCPA or any other law. ICA denies that it committed any wrongdoing, and demands strict proof thereof.

33.     ICA admits that it placed calls to Plaintiff's telephone number ending in 1538 beginning in or around January 2015, but denies that such calls were made in violation of the TCPA or any other law. ICA denies that it committed any wrongdoing, and demands strict proof thereof.

34.     ICA denies the allegations contained in Paragraph 34 of the Complaint and demands strict proof thereof.

35.     ICA denies the allegations contained in Paragraph 35 of the Complaint and demands strict proof thereof.

36.     ICA denies the allegations contained in Paragraph 36 of the Complaint and demands strict proof thereof.

37.     ICA denies the allegations contained in Paragraph 37 of the Complaint and demands strict proof thereof.

38.     ICA denies the allegations contained in Paragraph 38 of the Complaint and demands strict proof thereof.

39.    ICA denies the allegations contained in Paragraph 39 of the Complaint and demands strict proof thereof.

40.    ICA denies the allegations contained in Paragraph 40 of the Complaint and demands strict proof thereof.

41.    ICA denies the allegations contained in Paragraph 41 of the Complaint and demands strict proof thereof.

42.    ICA denies the allegations contained in Paragraph 42 of the Complaint and demands strict proof thereof.

43.    ICA denies the allegations contained in Paragraph 43 of the Complaint and demands strict proof thereof.

44.    ICA denies the allegations contained in Paragraph 44 of the Complaint and demands strict proof thereof.

45.    ICA denies the allegations contained in Paragraph 45 of the Complaint and demands strict proof thereof.

46.    ICA admits that it does not have a business relationship with Plaintiff. To the extent the allegations contained in Paragraph 46 of the Complaint are intended to stand for additional propositions, they are denied, and ICA demands strict proof thereof.

47.     ICA denies the allegations contained in Paragraph 47 of the Complaint and demands strict proof thereof.

48.     ICA denies the allegations contained in Paragraph 48 of the Complaint and demands strict proof thereof.

49.     ICA is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 49 of the Complaint. As such, they are denied, and ICA demands strict proof thereof.

50.     ICA denies the allegations contained in Paragraph 50 of the Complaint and demands strict proof thereof.

51.     ICA is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 51 of the Complaint regarding what Plaintiff believes. As such, the allegations are denied, and ICA demands strict proof thereof.

52.     ICA is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 52 of the Complaint regarding what Plaintiff believes. As such, the allegations are denied, and ICA demands strict proof thereof.

53.    ICA is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 53 of the Complaint. As such, they are denied, and ICA demands strict proof thereof.

54.    ICA believes that the allegations contained in Paragraph 54 of the Complaint call for a legal conclusion to which no response is required. To the extent a response is required, the allegations are denied, and ICA demands strict proof thereof.

55.    ICA is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 55 of the Complaint. As such, they are denied, and ICA demands strict proof thereof.

56.    ICA believes that the allegations contained in Paragraph 56 of the Complaint call for a legal conclusion to which no response is required.

57.    ICA denies the allegations contained in Paragraph 57 of the Complaint and demands strict proof thereof.

58.    ICA denies the allegations contained in Paragraph 58 of the Complaint and demands strict proof thereof.

59.    ICA is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 59 of the Complaint regarding

what Plaintiff believes. As such, the allegations are denied, and ICA demands strict proof thereof.

60.    ICA denies the allegations contained in Paragraph 60 of the Complaint and demands strict proof thereof.

61.    ICA admits that Plaintiff purports to bring class action claims against it pursuant to the TCPA, but denies that such claims have any merit. ICA denies that it committed a violation of the TCPA or any other wrongdoing, denies that Plaintiff or any putative class member is entitled to any damages, relief, and/or award whatsoever, and demands strict proof thereof.

62.    ICA admits that Plaintiff purports to seek an injunction against Defendants, along with costs and attorneys' fees, but denies that Plaintiff's claims have any merit. ICA denies that it committed a violation of the TCPA or any other wrongdoing, denies that Plaintiff or any putative class member is entitled to injunctive relief or to any damages, relief, and/or award whatsoever, and demands strict proof thereof.

## CLASS ACTION ALLEGATIONS

**A.    CLASS ALLEGATIONS**

63.    ICA admits that Plaintiff purports to assert his claims on behalf of the proposed classes alleged in Paragraph 63 of the Complaint, but denies that such

claims have any merit or that a class may be properly certified under Fed. R. Civ. P. 23 or any other Rule. ICA denies that Plaintiff's proposed class definitions satisfy the requirements of Rule 23 and applicable case law. ICA further denies that Plaintiff's proposed class definitions are ascertainable. ICA further denies that it committed a violation of the TCPA or any other wrongdoing, and demands strict proof thereof.

64.    ICA admits that Plaintiff purports to exclude certain individuals from the proposed class definitions. ICA denies all remaining allegations contained in Paragraph 64 of the Complaint and denies that a class may be properly certified under Fed. Civ. P. 23 or any other Rule.

65.    ICA admits that Plaintiff purports to seek damages, statutory penalties, and injunctive relief on behalf of a proposed class. ICA denies that it committed any wrongdoing; denies that a class may be properly certified under Fed. R. Civ. P. 23 or any other Rule; and denies that Plaintiff or any putative class member is entitled to any damages, relief, and/or award whatsoever.

66.    ICA admits that Plaintiff purports to reserve his right to expand the proposed class definition to seek additional recovery following discovery in this matter, but denies that Plaintiff has any right to do so except as provided by the governing Rules of Civil Procedure and the rules of this Court. ICA denies that it

committed any wrongdoing; denies that a class may be properly certified under Fed. R. Civ. P. 23 or any other Rule; and denies that Plaintiff or any putative class member is entitled to any damages, relief, and/or award whatsoever.

67.    ICA denies the allegations contained in Paragraph 67 of the Complaint and demands strict proof thereof.

**B.    NUMEROSITY**

68.    ICA denies that a class may be properly certified under Fed. R. Civ. P. 23 or any other Rule.

69.    ICA denies the allegations contained in Paragraph 69 of the Complaint and demands strict proof thereof.

**C.    COMMONALITY AND PREDOMINANCE.**

70.    ICA denies the allegations contained in Paragraph 70 of the Complaint and demands strict proof thereof. ICA further denies that a class may be properly certified under Fed. R. Civ. P. 23 or any other Rule.

71.    ICA denies the allegations contained in Paragraph 71 of the Complaint and demands strict proof thereof. ICA further denies that a class may be properly certified under Fed. R. Civ. P. 23 or any other Rule.

**D.    TYPICALITY**

72.    ICA denies the allegations contained in Paragraph 72 of the Complaint and demands strict proof thereof. ICA further denies that a class may be properly certified under Fed. R. Civ. P. 23 or any other Rule.

73.    ICA denies the allegations contained in Paragraph 73 of the Complaint and demands strict proof thereof. ICA further denies that a class may be properly certified under Fed. R. Civ. P. 23 or any other Rule.

**E.    ADEQUATE REPRESENTATION**

74.    ICA denies the allegations contained in Paragraph 74 of the Complaint and demands strict proof thereof. ICA further denies that a class may be properly certified under Fed. R. Civ. P. 23 or any other Rule.

75.    ICA denies the allegations contained in Paragraph 75 of the Complaint and demands strict proof thereof. ICA further denies that a class may be properly certified under Fed. R. Civ. P. 23 or any other Rule.

**F.    POLICIES GENERALLY APPLICABLE TO THE CLASS**

76.    ICA denies the allegations contained in Paragraph 76 of the Complaint and demands strict proof thereof. ICA further denies that a class may be properly certified under Fed. R. Civ. P. 23 or any other Rule.

77.   ICA denies the allegations contained in Paragraph 77 of the Complaint and demands strict proof thereof. ICA further denies that a class may be properly certified under Fed. R. Civ. P. 23 or any other Rule.

## G.   SUPERIORITY

78.   ICA denies the allegations contained in Paragraph 78 of the Complaint and demands strict proof thereof. ICA further denies that a class may be properly certified under Fed. R. Civ. P. 23 or any other Rule.

79.   ICA denies that it committed any wrongdoing and denies that Plaintiff or any putative class member is entitled to any damages, relief, and/or award whatsoever. ICA further denies that a class may be properly certified under Fed. R. Civ. P. 23 or any other Rule.

80.   ICA denies the allegations contained in Paragraph 80 of the Complaint, denies that it committed any wrongdoing, and demands strict proof thereof. ICA further denies that a class may be properly certified under Fed. R. Civ. P. 23 or any other Rule.

81.   ICA denies the allegations contained in Paragraph 81 of the Complaint, denies that it committed any wrongdoing, and demands strict proof thereof. ICA further denies that a class may be properly certified under Fed. R. Civ. P. 23 or any other Rule.

82.    ICA denies the allegations contained in Paragraph 82 of the Complaint and demands strict proof thereof. ICA further denies that a class may be properly certified under Fed. R. Civ. P. 23 or any other Rule.

## FIRST CAUSE OF ACTION
### VIOLATION OF TCPA, 47 U.S.C. § 227
### ("Robocall Claim" on behalf of Plaintiff and the Class)

83.    ICA re-alleges and incorporates by reference each preceding paragraph as though set forth at length herein.

84.    ICA denies the allegations contained in Paragraph 84 of the Complaint and demands strict proof thereof.

85.    ICA denies the allegations contained in Paragraph 85 of the Complaint and demands strict proof thereof.

86.    ICA denies the allegations contained in Paragraph 86 of the Complaint and demands strict proof thereof.

87.    ICA denies the allegations contained in Paragraph 87 of the Complaint and demands strict proof thereof. ICA further denies that Plaintiff or any putative class member is entitled to the relief requested or to any damages, relief, and/or award whatsoever.

88.    ICA denies the allegations contained in Paragraph 88 of the Complaint and demands strict proof thereof. ICA further denies that Plaintiff or

any putative class member is entitled to the relief requested or to any damages, relief, and/or award whatsoever.

89.    ICA denies the allegations contained in Paragraph 89 of the Complaint and demands strict proof thereof. ICA further denies that Plaintiff or any putative class member is entitled to the relief requested or to any damages, relief, and/or award whatsoever.

## SECOND CAUSE OF ACTION
### VIOLATION OF TCPA, 47 U.S.C. § 227
### ("DNC Claim" on behalf of Plaintiff and the Class)

90.    ICA re-alleges and incorporates by reference each preceding paragraph as though set forth at length herein.

91.    ICA states that the statute referenced in Paragraph 91 of the Complaint speaks for itself and, therefore, no response is required. To the extent Paragraph 91 is intended to stand for inconsistent or additional allegations, ICA denies the same and demands strict proof thereof.

92.    ICA states that the regulation referenced in Paragraph 92 of the Complaint speaks for itself and, therefore, no response is required. To the extent Paragraph 92 is intended to stand for inconsistent or additional allegations, ICA denies the same and demands strict proof thereof.

93.     ICA states that the regulation and FCC report referenced in Paragraph 93 of the Complaint speak for themselves and, therefore, no response is required. To the extent Paragraph 93 is intended to stand for inconsistent or additional allegations, ICA denies the same and demands strict proof thereof.

94.     ICA states that the regulation referenced in Paragraph 94 of the Complaint speaks for itself and, therefore, no response is required. To the extent Paragraph 94 is intended to stand for inconsistent or additional allegations, ICA denies the same and demands strict proof thereof.

95.     ICA denies the allegations contained in Paragraph 95 of the Complaint and demands strict proof thereof.

96.     ICA denies the allegations contained in Paragraph 96 of the Complaint and demands strict proof thereof.

97.     ICA denies the allegations contained in Paragraph 97 of the Complaint and demands strict proof thereof.

98.     ICA denies the allegations contained in Paragraph 98 of the Complaint and demands strict proof thereof. ICA further denies that Plaintiff or any putative class member is entitled to the relief requested or to any damages, relief, and/or award whatsoever.

99.   ICA denies the allegations contained in Paragraph 99 of the Complaint and demands strict proof thereof. ICA further denies that Plaintiff or any putative class member is entitled to the relief requested or to any damages, relief, and/or award whatsoever.

## ATTORNEY'S FEES

100.  ICA re-alleges and incorporates by reference each preceding paragraph as though set forth at length herein.

101.  ICA denies the allegations contained in Paragraph 101 of the Complaint and demands strict proof thereof. ICA further denies that Plaintiff or any putative class member is entitled to the relief requested or to any damages, relief, and/or award whatsoever.

## JURY DEMAND

102.  ICA admits that Plaintiff requests as jury trial as stated in Paragraph 102 of the Complaint.

## PRAYER FOR RELIEF

103.  In response to the "WHEREFORE" paragraph following Paragraph 102 in the Complaint, including subparagraphs (a) through (g), ICA denies that it committed any wrongdoing; denies that a class may be properly certified under Fed. R. Civ. P. 23 or any other Rule; and denies that Plaintiff or any putative class

member is entitled to the relief requested or to any judgment, damages, relief, injunction, and/or award whatsoever.

104.   ICA denies all material allegations of the Complaint not specifically admitted herein and demands strict proof thereof.

## FIRST DEFENSE

ICA is not liable to Plaintiff or the putative class members.

## SECOND DEFENSE

The Complaint, and each and every count in it, fails to state a claim upon which relief may be granted.

## THIRD DEFENSE

ICA pleads the applicability of the Federal Arbitration Act, 9 U.S.C. § 1, *et seq.*, to any and all claims made against ICA that fall within any applicable arbitration provision in any applicable contract or agreement of the putative class members. ICA files this Answer without waiving its right to compel arbitration of the putative class members' claims at the appropriate time.

## FOURTH DEFENSE

To the extent any putative class members enrolled with Kaplan, Inc.; Kaplan Higher Education, LLC; Iowa College Acquisition, LLC; and/or any other Kaplan

entity, such class members' claims are barred by the class action waiver contained in their enrollment agreement(s).

## FIFTH DEFENSE

The claims of Plaintiff and the putative class members are barred by the doctrine of prior express consent.

## SIXTH DEFENSE

To the extent Defendant is liable to Plaintiff for any damages, Defendant is entitled to indemnification from one or more third parties.

## SEVENTH DEFENSE

To the extent any violation of the TCPA was committed by agents or employees of Defendant in direct contravention to established company policies, such conduct by such agents or employees was unauthorized, outside the ambit of their direct duties, and not in furtherance but in direct contravention of Defendant's policies. Defendant is not vicariously liable for such acts.

## EIGHTH DEFENSE

Defendant has established and implemented, with due care, reasonable practices and procedures to effectively prevent telephone calls in violation of the TCPA, including the procedures required by 47 C.F.R. § 64.1200(c) and (d).

## NINTH DEFENSE

The claims of Plaintiff and the putative class members are barred, in whole or in part, by the applicable statute(s) of limitations.

## TENTH DEFENSE

The claims of Plaintiff and the putative class members are barred, in whole or in part, by the doctrine of consent and acquiescence.

## ELEVENTH DEFENSE

The claims of Plaintiff and the putative class members are barred, in whole or in part, by the doctrines of ratification, waiver, and estoppel.

## TWELFTH DEFENSE

The claims of Plaintiff and the putative class members are barred, in whole or in part, by the doctrine of unclean hands, in that Plaintiff's and/or the putative class members' own actions are the cause of the conduct giving rise to the Complaint.

## THIRTEENTH DEFENSE

Plaintiff and some or all putative class members lack standing.

## FOURTEENTH DEFENSE

All of ICA's actions were reasonable, in good faith, and in accordance with all applicable laws and regulations.

## FIFTEENTH DEFENSE

Plaintiff and the putative class members have not been legally harmed in any way by any action or inaction of ICA.

## SIXTEENTH DEFENSE

The injuries and damages claimed in the Complaint were caused by the intervening acts or omissions of others for whom ICA owes no legal responsibility and has no control.

## SEVENTEENTH DEFENSE

The Complaint fails to satisfy the requirements for class action treatment as prescribed by Federal Rule of Civil Procedure 23 and applicable case law.

## EIGHTEENTH DEFENSE

This action cannot be maintained as a class action under Rule 23 of the Federal Rules of Civil Procedure because (i) the questions of law and fact are not common to the, and the legal and factual issues differ from class member to class member; (ii) the claims or defenses of the representative party are not typical of the claims or defenses of the putative class; and (iii) Plaintiff will not fairly and adequately protect the interests of the class.

## NINETEENTH DEFENSE

Plaintiff is not an adequate or proper class representative.

## TWENTIETH DEFENSE

A class cannot be certified under the allegations of the Complaint without violating the United States and Georgia Constitutions' provisions regarding due process.

## TWENTY-FIRST DEFENSE

ICA denies each and every material allegation of the Complaint as they relate to the request for class certification, and objects to any such class action certification on the following grounds:

a.      Plaintiff has failed to join indispensable parties;

b.      The Complaint fails to adequately define any class of persons who could properly maintain this action as a class action;

c.      The purported class representative has not sustained his burden of establishing standing;

d.      ICA's time-based defenses, such as statutes of limitations, mandate the denial of class certification;

e.      Individualized determinations for each class member of controlling state substantive law and the applicability of different state substantive laws to claims by putative class members preclude class certification of a nationwide class;

f.      The putative classes are not ascertainable;

g.     A Rule 23(b)(2) class is inappropriate because ICA has not acted or refused to act on grounds that apply generally to the proposed class;

h.     A Rule 23(b)(3) class is inappropriate because individualized issues predominate over common questions and because of manageability and superiority issues;

i.     Lack of commonality of questions of law;

j.     Lack of commonality of questions of fact;

k.     Lack of typicality;

l.     Lack of adequacy of representation;

m.     Lack of requirements for certification under Rule 23(b)(2) of the Federal Rules of Civil Procedure;

n.     Lack of requirements for certification under Rule 23(b)(3) of the Federal Rules of Civil Procedure;

o.     Individual issues predominate over common issues;

p.     A class action is not superior to other available methods for the fair and efficient adjudication of this controversy;

q.     There are difficulties that are likely to be encountered in the management of a class action.

### TWENTY-SECOND DEFENSE

A class cannot be certified under the allegations of the Complaint because the class definitions as pled create impermissible "fail safe" classes and are not ascertainable.

### TWENTY-THIRD DEFENSE

Some of Plaintiff's or the putative class members' claims are barred by the filing of prior bankruptcy proceedings, by the failure to list these claims as assets of their bankruptcy estate, by failing to contest their creditors' proofs of claim, and by the confirmation of their plans of reorganization, which serves as *res judicata* to the claims asserted in this case.

### TWENTY-FOURTH DEFENSE

The U.S. District Court for the Northern District of Georgia lacks personal jurisdiction over Defendants.

### TWENTY-FIFTH DEFENSE

The U.S. District Court for the Northern District of Georgia is not a proper venue for litigation of Plaintiff's claims against Defendants.

## RESERVATION OF RIGHTS

ICA reserves the right to assert any additional defenses that may arise as discovery progresses or otherwise in the course of this litigation.

Respectfully submitted this 14th day of May, 2015.

*s/ Joshua H. Threadcraft*

Joshua H. Threadcraft
(State Bar No. 119050)
ATTORNEY FOR DEFENDANTS

BURR & FORMAN LLP
420 North 20th Street, Suite 3400
Birmingham, Alabama  35203
Telephone:  (205) 251-3000
Facsimile: (204) 458-5100
Email: joshua.threadcraft@burr.com

---

# CERTIFICATE OF SERVICE

---

I hereby certify that on May 14, 2015, I electronically filed the foregoing

**ANSWER AND AFFIRMATIVE DEFENSES** with the Clerk of Court using the

CM/ECF system, through which the following will receive service of the same:

Jarrett Lee Ellzey , Jr.
William Craft Hughes
Hughes Ellzey, LLP
Galleria Tower, Suite 1120
2700 Post Oak Blvd.
Houston, TX 77056

Andrea Solomon Hirsch
Herman Gerel, LLP
230 Peachtree Street, NW, Suite 2260
Atlanta, GA 30303

Benjamin Hans Crumley
Crumley & Wolfe, P.A.
140 Lakes Blvd., Suite 202
Kingsland, GA 31548

*s/ Joshua H. Threadcraft*
Joshua H. Threadcraft (State Bar No. 119050)
ATTORNEY FOR DEFENDANTS

BURR & FORMAN LLP
420 North 20th Street, Suite 3400
Birmingham, Alabama  35203
Telephone:  (205) 251-3000
Facsimile: (204) 458-5100
Email: joshua.threadcraft@burr.com