IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| **ROBERT G. OLVER, individually** : | |
| and on behalf of all others : | |
| similarly situated, : | |
| : | |
| **Plaintiff,** : | |
| : | |
| v. : | Civil Action No. <u>**1:15-cv-00549-TWT**</u> |
| : | |
| **KAPLAN, INC., KAPLAN HIGHER** : | |
| **EDUCATION, LLC, and IOWA** : | |
| **COLLEGE ACQUISITION, LLC** : | |
| **d/b/a KAPLAN UNIVERSITY,** : | |
| : | |
| **Defendants,** : | |

**Joint Preliminary Report and Discovery Plan**

**1.     Description of Case:**

   (a) Describe briefly the nature of this action.

<u>Plaintiffs have filed a putative class action asserting claims for violation of the Telephone Consumer Protection Action 42 U.S.C. § 227 (TCPA).</u>

   (b) Summarize, in the space provided below, the facts of this case. The summary should not be argumentative nor recite evidence.

<u>Plaintiffs allege receipt of multiple unsolicited telemarketing calls in violation of the TCPA. Defendants deny violating the TCPA.</u>

(Rev. 03/01/11)                          APP.B - 9

24571442 v1

(c) The legal issues to be tried are as follows:

<u>Whether Plaintiffs consented to receipt of calls by or on behalf of Defendant Iowa College Acquisition, LLC and whether Iowa College Acquisition, LLC has meritorious defenses to Plaintiffs' claims.</u>

(d) The cases listed below (include both style and action number) are:

(1) Pending Related Cases:

<u>Not applicable                                                                                     </u>

(2) Previously Adjudicated Related Cases:

<u>Not applicable                                                                                     </u>

**2. This case is complex because it possesses one or more of the features listed below (please check):**

   __x__ (1) Unusually large number of parties
   _____ (2) Unusually large number of claims or defenses
   _____ (3) Factual issues are exceptionally complex
   _____ (4) Greater than normal volume of evidence
   __x__ (5) Extended discovery period is needed
   _____ (6) Problems locating or preserving evidence
   _____ (7) Pending parallel investigations or action by government
   __x___ (8) Multiple use of experts
   _____ (9) Need for discovery outside United States boundaries
   _____ (10) Existence of highly technical issues and proof
   _____ (11) Unusually complex discovery of electronically stored information

(Rev. 03/01/11)            APP.B - 10

**3.     Counsel:**

The following individually-named attorneys are hereby designated as lead counsel for the parties:

Plaintiff:

Jarrett Ellzey

William Craft Hughes

Defendant:

Joshua H. Threadcraft

**4.     Jurisdiction:**

Is there any question regarding this Court's jurisdiction?

____Yes     _x__No

If "yes," please attach a statement, not to exceed one page, explaining the jurisdictional objection. When there are multiple claims, identify and discuss separately the claim(s) on which the objection is based. Each objection should be supported by authority.

**5.     Parties to This Action:**

(a) The following persons are necessary parties who have not been joined:

None

(b) The following persons are improperly joined as parties:

- 4 -

<u>The calls at issue here were made in conjunction with legal services provided by Iowa College Acquisition LLC (ICA), formerly known as Iowa College Acquisition Corporation, which uses the Kaplan trade name Kaplan University. Kaplan, Inc. is the parent company of Kaplan Higher Education, LLC. Kaplan Higher Education, LLC owns ICA. All three parties are separate legal entitles and have their own boards of directors.</u>

(Rev. 03/01/11)                               APP.B - 11

(c) The names of the following parties are either inaccurately stated or necessary portions of their names are omitted:

None at this time

(d) The parties shall have a continuing duty to inform the Court of any contentions regarding unnamed parties necessary to this action or any contentions regarding misjoinder of parties or errors in the statement of a party's name.

**6.   Amendments to the Pleadings:**

Amended and supplemental pleadings must be filed in accordance with the time limitations and other provisions of Fed.R.Civ.P. 15. Further instructions regarding amendments are contained in LR 15.

(a) List separately any amendments to the pleadings that the parties anticipate will be necessary:

The parties do not anticipate any additional amendments.

(b) Amendments to the pleadings submitted LATER THAN THIRTY DAYS after the Joint Preliminary Report and Discovery Plan is filed, or should have been filed, will not be accepted for filing, unless otherwise permitted by law.

**7.   Filing Times For Motions:**

All motions should be filed as soon as possible. The local rules set specific filing limits for some motions. These times are restated below.
All other motions must be filed WITHIN THIRTY DAYS after the beginning of discovery, unless the filing party has obtained prior permission of the court to file later. Local Rule 7.1A(2).
(a) *Motions to Compel:* before the close of discovery or within the extension period allowed in some instances. Local Rule 37.1.
(b) *Summary Judgment Motions:* within thirty days after the close of discovery, unless otherwise permitted by court order. Local Rule 56.1.

(Rev. 03/01/11)                    APP.B - 12

(c) *Other Limited Motions:* Refer to Local Rules 7.2A; 7.2B, and 7.2E, respectively, regarding filing limitations for motions pending on removal, emergency motions, and motions for reconsideration.

(d) *Motions Objecting to Expert Testimony:* <u>Daubert</u> motions with regard to expert testimony no later than the date that the proposed pretrial order is submitted. Refer to Local Rule 7.2F.

**8.     Initial Disclosures:**

The parties are required to serve initial disclosures in accordance with Fed.R.Civ.P. 26. If any party objects that initial disclosures are not appropriate, state the party and basis for the party's objection. NOTE: Your initial disclosures should include electronically stored information. Refer to Fed.R.Civ.P. 26(a)(1)(B).

<u>The parties have agreed that initial disclosures should be made with respect to the named Plaintiffs and Iowa College Acquisition, LLC only and not relate to class claims or issues.</u>

**9.     Request for Scheduling Conference:**

Does any party request a scheduling conference with the Court? If so, please state the issues which could be addressed and the position of each party.

<u>Both Plaintiffs and Defendants request a scheduling conference. The parties have conferred, and they believe that bifurcation of this case, addressing merits before class allegations is appropriate, particularly given unique questions relating to the named Plaintiffs. The parties further believe that a scheduling conference will assist in formulating a schedule for addressing the merits of Plaintiffs' claims in</u>

- 7 -

advance of any class claims and allegations that could potentially remain thereafter.

**10.    Discovery Period:**

The discovery period commences thirty days after the appearance of the first defendant by answer to the complaint. As stated in LR 26.2A, responses to initiated discovery must be completed before expiration of the assigned discovery period.

Cases in this Court are assigned to one of the following three discovery tracks: (a) zero month discovery period, (b) four months discovery period, and (c) eight months discovery period. A chart showing the assignment of cases to a discovery track by filing category is contained in Appendix F. The track to which a particular case is assigned is also stamped on the complaint and service copies of the complaint at the time of filing. Please state below the subjects on which discovery may be needed:

<u>The parties propose that discovery be conducted as to the merits of the named Plaintiffs' claims in advance of conduct class discovery. The parties believe that discovery is needed on the following topics: (1) The allegations in the Complaint(s); (2) All records of consent provided by Plaintiffs; (3) The dialing system utilized to allegedly make calls; (4) Records of calls; (5) IP addresses relating to Plaintiffs; and (6) Expert witness testimony, if any.</u>

If the parties anticipate that additional time beyond that allowed by the assigned discovery track will be needed to complete discovery or that discovery should be conducted in phases or be limited to or focused upon particular issues, please state those reasons in detail below:

<u>The parties anticipate that additional time beyond the time allowed by the assigned discovery track will be needed and that discovery should be conducted in phases, focusing on the merits of the named Plaintiffs' claims before class claims and allegations. Specifically, Plaintiffs' counsel has now added two additional parties</u>

as named Plaintiffs. The parties agreed that the ends of justice and judicial economy are best served by conducting discovery in phases, addressing merits first, further agreeing, subject to this Court's approval, that if the case is not disposed of on the merits, a subsequent scheduling order should be entered addressing class claims and allegations to the extent appropriate.

Plaintiffs' counsel anticipates taking potentially two categories of depositions (deposition of a corporate representative (which could be more than one person) and potential deposition of a third parties relating to calls allegedly made. Plaintiffs also anticipate issuing written discovery. Defendants anticipate issuing written discovery and taking depositions of the named Plaintiff(s). There is also the potential that expert witnesses will be disclosed and deposed. For these reasons, the Parties respectfully request that at Scheduling Order relating to the named Plaintiffs' claims against Defendants only ("Scheduling Order No. 1"), not any class claims and allegations, which would be governed by a subsequent scheduling order referenced below to be entered after dispositive motion practice to the extent appropriate. The parties also respectfully request that Scheduling Order No. 1 provide (8) months to complete factual discovery relating to the merits of Plaintiffs' claims against Defendants only, with Plaintiff's' expert disclosure deadline being set three months after entry of Scheduling Order No. 1 and

<u>Defendants' expert disclosure deadline being set for 7 months after entry of Scheduling Order No. 1, with a dispositive motion deadline to be set nine (9) months after entry of Scheduling Order No. 1 with Responses and Replies to dispositive motions to be filed in accord with Local Rule 7.1.</u>

<u>The parties also respectfully propose that to the extent any named Plaintiffs' claims survive dispositive motion practice, they be allowed to meet and confer, submitting a proposed scheduling order providing for discovery and other matters relating class claims and allegations to the extent appropriate.</u>

**11. Discovery Limitation and Discovery of Electronically Stored Information:**

(a) What changes should be made in the limitations on discovery imposed under the Federal Rules of Civil Procedure or Local Rules of this Court, and what other limitations should be imposed?

The parties believe that discovery should be conducted in phases, with discovery relating to the merits of Plaintiffs' claims preceding discovery relating to class claims and allegations.

(b) Is any party seeking discovery of electronically stored information?

____x___ Yes _____ No

If "yes,"

(1) The parties have discussed the sources and scope of the production of electronically stored information and have agreed to limit the scope of production (e.g., accessibility, search terms, date limitations, or key witnesses) as follows:

Plaintiffs intend to seek Electronically Stored Information (ESI) from Defendant Iowa College Acquisition, LLC regarding: (1) Notes of calls to Plaintiff(s); (2) Records of calls with Plaintiffs; (3) Recordings of Calls with Plaintiff(s); (4) Policies and Procedures relating to obtaining consent from Plaintiff(s) to make calls; and (5) Contracts of third-party vendors relating to calls made to Plaintiffs.

      (2) The parties have discussed the format for the production of electronically stored information (e.g., Tagged Image File Format (TIFF or .TIF files), Portable Document Format (PDF), or native), method of production (e.g., paper or disk), and the inclusion or exclusion and use of metadata, and have agreed as follows:

<u>The parties have agreed that ESI may be produced in PDF via electronic mail, disk</u>

<u>or paper format at the election of the producing party.</u>

(Rev. 03/01/11)　　　　　　　　　　APP.B - 15

In the absence of agreement on issues regarding discovery of electronically stored information, the parties shall request a scheduling conference in paragraph 9 hereof.

**12.   Other Orders:**

What other orders do the parties think that the Court should enter under Rule 26(c) or under Rule 16(b) and (c)?

<u>The parties anticipate seeking entry of a protective order relating to production of certain information. The parties intend to work together in good faith to agree on the terms of a proposed protective order to be submitted to the court for consideration.</u>

**13.   Settlement Potential:**

(a) Lead counsel for the parties certify by their signatures below that they conducted a Rule 26(f) conference that was held on <u>June 30</u>, 20<u>15</u>, and that they participated in settlement discussions. Other persons who participated in the settlement discussions are listed according to party.

For plaintiff: Lead counsel (signature):   <u>/s Jarrett Ellzey</u>

   Other participants:   <u>   None   </u>

For Defendant:  Lead counsel (signature):   <u>/s Joshua H. Threadcraft</u>

(Rev. 03/01/11)            APP.B - 16

Other participants: <u>None</u>

(b) All parties were promptly informed of all offers of settlement and following discussion by all counsel, it appears that there is now:

(_____) A possibility of settlement before discovery.
(_____) A possibility of settlement after discovery.
(_____) A possibility of settlement, but a conference with the judge is needed.
(\_\_x\_\_) No possibility of settlement.

(c) Counsel(_____) do or (\_\_x\_\_) do not intend to hold additional settlement conferences among themselves prior to the close of discovery. The proposed date of the next settlement conference is _____, 20\_\_\_\_.

(d) The following specific problems have created a hindrance to settlement of this case.

<u>The Parties' positions regarding whether Plaintiffs provided consent to receive calls</u>

<u>and Plaintiff's addition of party Plaintiffs.</u>

**14.   Trial by Magistrate Judge:**

Note: Trial before a Magistrate Judge will be by jury trial if a party is otherwise entitled to a jury trial.

(a) The parties (_____) do consent to having this case tried before a magistrate judge of this Court. A completed Consent to Jurisdiction by a United States Magistrate Judge form has been submitted to the clerk of court this _____ day _____, of 20\_\_\_.

(b) The parties (\_\_x\_\_) do not consent to having this case tried before a magistrate judge of this Court.

(Rev. 03/01/11)                    APP.B - 17

*Jarrett Ellzey*_____     */s Joshua H. Threadcraft*_____
Counsel for Plaintiff                        Counsel for Defendant

\* \* \* \* \* \* \* \* \* \* \* \*

## SCHEDULING ORDER

Upon review of the information contained in the Joint Preliminary Report and Discovery Plan form completed and filed by the parties, the Court orders that the time limits for adding parties, amending the pleadings, filing motions, completing discovery, and discussing settlement are as set out in the Federal Rules of Civil Procedure and the Local Rules of this Court, except as herein modified:

IT IS SO ORDERED, this _____ day of _____, 20____.

_____
UNITED STATES DISTRICT JUDGE

## CERTIFICATION OF COUNSEL

I certify that the foregoing **JOINT PRELIMINARY REPORT AND DISCOVERY PLAN** has been prepared with Times New Roman, 14 point font, one of the font and point selections approved by the Court in LR 5.1.

> *s/ Joshua H. Threadcraft*
> Joshua H. Threadcraft
> (State Bar No. 119050)
> ATTORNEY FOR DEFENDANTS
>
> BURR & FORMAN LLP
> 420 North 20th Street, Suite 3400
> Birmingham, Alabama  35203
> Telephone:  (205) 251-3000
> Facsimile: (204) 458-5100
> Email: joshua.threadcraft@burr.com

## CERTIFICATE OF SERVICE

I certify that on July 15, 2015, I electronically filed the foregoing **JOINT PRELIMINARY REPORT AND DISCOVERY PLAN** with the Clerk of Court using the CM/ECF system, through which the following will receive service of the same:

>Jarrett Lee Ellzey , Jr.
>William Craft Hughes
>Hughes Ellzey, LLP
>Galleria Tower, Suite 1120
>2700 Post Oak Blvd.
>Houston, TX 77056
>
>Andrea Solomon Hirsch
>Herman Gerel, LLP
>230 Peachtree Street, NW, Suite 2260
>Atlanta, GA 30303
>
>Benjamin Hans Crumley
>Crumley & Wolfe, P.A.
>140 Lakes Blvd., Suite 202
>Kingsland, GA 31548

>*s/ Joshua H. Threadcraft*
>Joshua H. Threadcraft (State Bar No. 119050)
>ATTORNEY FOR DEFENDANTS
>BURR & FORMAN LLP
>420 North 20th Street, Suite 3400
>Birmingham, Alabama  35203
>Telephone:  (205) 251-3000
>Facsimile: (204) 458-5100
>Email: joshua.threadcraft@burr.com

24571442 v1